

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA HILL, TENIQUE CHUNG-ROLLE, )
PATRICIA SOLOMON, JESSE SCOTT, )
SHEDNER DORCENA, )
  )
Plaintiffs )
  )
vs. )
  )
  )
VILLAGE OF NYACK )
HOUSING AUTHORITY )
P.O. Box 740, 15 Highview Court )
Nyack, NY 10960, )
  )
and )
  )
TONI KEYS )
Executive Director of the Village of )
Nyack Housing Authority, in her )
Individual capacity; )
  )
and )
  )
LUCIA BANNIS-MARTIN )
Village of Nyack Housing Authority )
Section 8 Administrator, in her )
Individual capacity; )
  )
Defendants. )
--------------------------------------------------------------

Case No. *15 cv 9076 (NSR)(CLMS)*

JUDGE *Roman*

COMPLAINT FOR
INJUNCTIVE,
DECLARATORY AND
MONETARY RELIEF

**15 CV 9076**

JUDGE ROMAN

PRELIMINARY STATEMENT

1.    Plaintiffs on behalf of themselves and all residents of the properties owned and managed

by the Village of Nyack Housing Authority (VNHA) challenge the VNHA's violation of federal

and state law.  Due to the unlawful practices of the VNHA, low-income tenants are improperly

charged maintenance fees without proper notice or opportunity to contest the charges; subjected

to eviction proceedings for failure to pay charges that are not rent; and required to pay amounts

1

in excess of the 30% of their income mandated by federal law in the Section 8 Housing Choice Voucher Program as well as by the VNHA's own Master Management Resolution for state public housing residents.

2.     Due to VNHA's unlawful policies and practices, plaintiffs and numerous other low-income families residing at the VNHA are required to pay unaffordable and illegal rents each month.   Plaintiffs, unable to maintain these monthly payments, have endured unnecessary eviction proceedings and have paid fees and charges which cannot lawfully be assessed in order to prevent their dispossession.

3.     The VNHA improperly requires tenants to pay maintenance charges without giving prior notice of the basis for the determination that the tenant is responsible and an opportunity to contest that charge in a grievance hearing.  In addition, the VNHA imposes maintenance fees on tenants unless the tenants can affirmatively demonstrate that they did not cause the problem, improperly shifting the burden to the tenant.  These practices violate federal and state law as well as the VNHA's own lease agreement.

4.     The VNHA unlawfully includes non-rent items such as appliance fees, air conditioning fees, late fees, parking fees and attorney's fees on the rental ledger and considers these fees to be "additional rent" in the parties' lease agreement.  The VNHA wrongfully applies ongoing rent payments to a running balance which includes those fees, and includes such charges as a basis for a possessory judgment.  These practices result in residents being charged for "rent" amounts in excess of the lawful percentage of their income in violation the Brook Amendment with respect to all residents whose rent is subsidized by the Section 8 Housing Choice Voucher

Program, and violates state law and the VNHA's own Master Management Resolution with respect to each and every resident of the VNHA.

5.    VNHA also violates state and federal law in its processing of interim recertifications by its pattern and practice of unreasonable and egregious delay, inaccurate calculations, improper determination of effective dates, lack of proper notice regarding the share change and calculation methods, and failure to advise participants of their right to a hearing.  VNHA often unlawfully applies the family share change prospectively, instead of retroactive to the effective date of the income reduction, leaving the family permanently liable for the unaffordable share which accrued during the recalculation period.

6.    VNHA, by its policies and practices, has (1) unlawfully required residents to pay amounts in excess of 30% of the family's monthly adjusted income by failing to timely and properly perform and process interim recertifications; (2) unlawfully required residents to pay amounts in excess of 30% of the family's monthly adjusted income by including non-rent items as "additional rent" and including said fees in the amounts residents must pay to prevent eviction; failing to properly perform and process interim recertifications; (3) unlawfully assessed maintenance charges without prior notice and opportunity to contest the adverse action.

7.    VNHA's policies and practices violate the Brooke Amendment and its implementing regulations, the Supremacy and Due Process clauses of the U.S. Constitution, the laws and regulations of the State of New York and VNHA's own lease agreement and written policies.

8.    As a result, plaintiffs herein, and all residents of VNHA owned and operated housing, remain liable for an unaffordable family share that they are unable to pay on a monthly basis.

3

Due to VNHA's actions and inactions, failures, and illegal policies, these indigent families have endured substantial damages and have faced unnecessary eviction proceedings and the ongoing threat of eviction from their homes.

9.      Plaintiffs seek declaratory, injunctive, and monetary relief as a result of the conduct of the Defendants, which deprived Plaintiffs of rights secured by the United States Housing Act of 1937, regulations promulgated by the U.S. Department of Housing and Urban Development to implement this Act, the New York State Housing Act and its implementing regulations; the Defendants' Master Management Resolution and lease agreement; and the right to due process guaranteed by the Fourteenth Amendment to the United States Constitution.

### JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3), and 1337. A cause of action for Plaintiff's claims is created by 42 U.S.C. § 1983, which prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

11.      This court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

12.      This Court has authority pursuant to 28 U.S.C. §2201(a) and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure to grant the requested declaratory and injunctive relief.

13.      Venue is proper in the Southern District of New York under 28 U.S.C. §1391(b) because the events giving rise to this action occurred in this Judicial District.

4

## PARTIES

14.    Plaintiff Regina Hill resides at 53 Highview Court, Nyack, New York., New York State Low Rent Housing owned and operated by the Defendant Village of Nyack Housing Authority and Defendant Toni Keys.  She is eligible to participate and has participated in the Section 8 Housing Choice Voucher Program operated by the Defendant VNHA in Nyack, New York, and administered by Defendants Bannis Martin and Keys.  She is currently facing eviction proceedings as a result of the VNHA's failure to properly adjust her rent, the VNHA's improper inclusion of non-rent items as "additional rent" in the amounts she is required to pay to avoid eviction; and has been required to pay maintenance charges for problems she has not caused and for which she was not given prior notice and opportunity to contest.

15.    Plaintiff Tenique Chung-Rolle resides at 19 Highview Court, Nyack, New York, New York State Low Rent Housing administered by the Defendant Village of Nyack Housing Authority and Defendant Toni Keys.  She is currently facing eviction proceedings as a result of the VNHA's failure to properly adjust her rent and the VNHA's improper inclusion of non-rent items as "additional rent" in the amounts she is required to pay to avoid eviction.

16.    Plaintiff Patricia Solomon resides at 26 Highview Court, Nyack, New York, New York State Low Rent Housing administered by the Defendant Village of Nyack Housing Authority and Defendant Toni Keys.  Defendants have failed to properly adjust her rent and has improperly included non-rent items as "additional rent" in the amounts she is required to pay to avoid eviction.  She has been required to pay maintenance charges for problems she has not caused and for which she was not given prior notice and opportunity to contest.

5

17.   Plaintiff Jesse Scott is a low income individual who resides at 64 Highview Court, Nyack, New York, New York State Low Rent Housing administered by the Defendant Village of Nyack Housing Authority and Defendant Toni Keys.  Defendants improperly charged him with non-rent items as "additional rent" and he has been required to pay maintenance charges for problems he has not caused and for which he was not given prior notice and opportunity to contest.

18.   Plaintiff Shedner Dorcena resides at 6 Highview Court, Nyack, New York., New York State Low Rent Housing owned and operated by the Defendant Village of Nyack Housing Authority and Defendant Toni Keys.  He is eligible to participate and has participated in the Section 8 Housing Choice Voucher Program operated by the Defendant VNHA in Nyack, New York, and administered by Defendants Bannis Martin and Keys.  He is currently facing eviction proceedings as a result of the VNHA's failure to properly calculate his family share of rent, the VNHA's improper inclusion of non-rent items as "additional rent" in the amounts he is required to pay to avoid eviction; and has been required to pay maintenance charges for problems he has not caused and for which he was not given prior notice and opportunity to contest.

19.   The Village of Nyack Housing Authority (VNHA) is a body corporate and politic, created and existing under Section 469 of the New York Public Housing Law.  The VNHA was established in 1960 by the New York State legislature as an institution to provide and facilitate access to affordable housing. The VNHA owns and operates three facilities (Waldron Terrace, Depew Manor and the Nyack Senior Center), each of which was built with funds and operating subsidies from New York State, on land that enjoys tax exempt status, with services guaranteed by the Village of Nyack.  As a state public housing authority, the VNHA is subject to regulations

promulgated by the New York State Division of Homes and Community Renewal ("DHCR") at 9 NYCRR §1600 *et seq.* as well as the VNHA Master Management Plan and the parties' Lease Agreement.

20.     The VNHA also administers a Section 8 Housing Choice Voucher Program and as such, is subject to federal law, in particular Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. §1437f(b)(1) and implementing regulations at 24 C.F.R. §982.1 *et. seq.* as well as the VNHA's Administrative Plan, and administrative guidance as contained in the HUD Section 8 Housing Choice Voucher Program Guidebook.

21.     Defendant Toni Keys is the Executive Director of the Nyack Housing Authority. Defendant Keys is responsible for the Housing Authority's daily operation including the implementation of its policies in a manner that is consistent with federal and state laws and regulations and in accordance with the Housing Authority's Master Management Resolution and Administrative Plan.  She is also the Contract Administrator for the Section 8 Program and is responsible for the supervision of the Section 8 Administrator.

22.     Defendant Lucia Bannis-Martin is the Administrator of the Section 8 Housing Choice Voucher Program.  She is charged with implementing the Section 8 Housing Choice Voucher Program in a manner that is consistent with federal and state laws and regulations and administrative directives, and in accordance with the procedures described in the Housing Authority's Administrative Plan.

## STATUTORY AND REGULATORY SCHEME

23.     The Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.

### New York State Low Rent Housing

24.     The Village of Nyack Housing Authority is a public housing authority created and operated in accordance with Chapter III of the New York State Public Housing Law and subject to regulations promulgated by the New York State Division of Housing and Community Renewal ("DHCR") at 9 NYCRR §1600 *et seq*.

25.     Rent schedules are established by the VNHA under the master management resolution, subject to DHCR approval, with the objective of establishing "rents within the means of low-income families."  9 NYCRR § 1627-5.1.

26.     The Village of Nyack Housing Authority has adopted a Master Management Resolution, effective April 1, 2013, that establishes the policies and standards governing its state-aided projects and delineates that "households will pay thirty percent of their combined adjusted Gross household income…"

27.     DHCR directs the authority to adjust rents when there is a change in income which effects rent determination. In the case of income-loss resulting in a rent-decrease, the adjustment will be "effective on the first day of the month in which verification of the reported change is

8

obtained. It is the responsibility of the authority to be prompt in requesting verification of reported changes." 9 NYCRR § 1627-2.3.

28.   Lastly, the DHCR has established processes and procedures for addressing tenant grievances:

> The board shall review appeals by tenants from any administrative ruling or finding of ineligibility for continued occupancy in any authority project. Such review will be had upon the written demand of the tenant for a hearing by the board, made within 30 days after written notice to the tenant of the administrative ruling or finding of ineligibility for continued occupancy. At such hearing the tenant may appear by counsel or other qualified representative of his choice. 9 NYCRR § 1627-7.3.

29.   It should be noted that the DHCR regulations and Master Management Resolution have been incorporated into the parties' lease agreement.

## Section 8 of the Housing Act

30.   Congress enacted the United States Housing Act of 1937 "to remedy the unsafe and unsanitary housing conditions and the acute shortage of decent, safe and sanitary dwellings for families of lower income." 42 U.S.C. § 1437. Section 8 of the Act provides:

> For the purpose of aiding lower-income families in obtaining a decent place to live and of promoting economically mixed housing, assistance payments be made with respect to existing, newly constructed and substantially rehabilitated housing in accordance with the provisions of this Section. 42 U.S.C. § 1437f(a).

31.   Section 8 authorizes the Secretary of Housing and Urban Development ("HUD") to enter into annual contributions contracts with public housing agencies and in turn these agencies may

enter into contracts to make assistance payments to owners of existing dwelling units. 42 U.S.C. § 1437f(b)(1).

32.     Pursuant to this authority, the Secretary of HUD has entered into an Annual Contributions Contract with VNHA to administer a Section 8 program for existing housing in the Village of Nyack, County of Rockland, New York. *See* 24 C.F.R. § 982.151.

33.     The VNHA must comply with HUD regulations governing Section 8 programs for "Existing Housing." *See* 24 C.F.R. § 982. When the VNHA determines that a family is eligible for Section 8 assistance and funds are available, VNHA issues the family a housing voucher. 24 C.F.R. § 982.302.

34.     Families are eligible for Section 8 assistance only if they are indigent and must either be "lower-income families" or "very low-income families." 42 U.S.C. § 1437n. A lower-income family is defined as having an income at or below 80 percent of the median income for the area determined by HUD. 42 U.S.C. § 1437a(b)(2).

35.     Once a Section 8 voucher recipient has found a suitable apartment, the VNHA signs a Housing Assistance Payments ("HAP") contract with the landlord, and the landlord signs a lease with the tenant. 24 C.F.R. § 982.305. The HAP contract obligates the VNHA to pay a portion of the rent directly to the landlord. The VNHA's share is the difference between 30 percent of the tenant's income and the rent or the "payment standard" established by the Housing Authority. 24 C.F.R. § 982.505. The VNHA also pays a utility allowance.

36.     In the case of Plaintiffs Hill and Dorcena and others, the voucher is being utilized at Waldron Terrace, housing owned and administered by the VNHA.   Accordingly, upon

information and belief the federal subsidy payment is paid by the VNHA (as Section 8 Administrator) to the VNHA (as landlord).

37.     The Brooke Amendment to the United States Housing Act does not permit families participating in the Section 8 program to be charged more than 30 percent of their income for rent. The Brooke Amendment states, in part:

> A family shall pay as rent…the highest of the following amounts, rounded to the nearest dollar:
>
> (1) 30 per centum of the family's monthly adjusted income;
>
> (2) 10 per centum of the family's monthly income; or
>
> (3) if the family is receiving payments for welfare assistance from a public agency and a part of such payments…is specifically designated by such agency to meet the family's housing costs, the portion of such payments which is so designated. 42 U.S.C. § 1437a(a).

38.     The family remains responsible for the "family share" of the rent, which is defined as the portion of rent and utilities paid by the family and constitutes the difference between the amount of housing assistance payment (subsidy) and the gross rent (sum of rent to owner plus utility allowance). See 24 C.F.R.§§ 982.4(b), 982.515(a).

39.     Other charges such as late fees, maintenance fees, AC fees, parking fees and legal costs charged to tenants as "additional" rent are prohibited by the Brooke Amendment in that these additional fees increase a family's share of rent above the 30 percent threshold.

40.     HUD regulations require that VNHA reexamine and re-certify the eligibility of Section 8 participants at least annually, and on an interim basis as necessary. Families must supply information relating to the family's income, income deductions, assets, and household

composition. At any time a participant may request an interim examination and VNHA must make a determination within a "reasonable time." *See* C.F.R. §§ 982.516, 982.551(b)(2).

41.     HUD has published the HUD Housing Choice Voucher Program Guidebook ("HUD Guidebook")[1] to "advise public housing agencies…regarding the administration of the tenant-based subsidy programs." [Ch. 1.1, p. 1-1.] The HUD Guidebook mandates that public housing authorities process interim reexaminations when a family reports a reduction in income[.] [Ch. 12.6, p. 12-9.]

42.     After determination is complete, HUD requires that VNHA notify the family of the updated share and of the family's right to request an informal hearing if they disagree with the determination. [24 C.F.R. §§ 982.555(a)(1)(i)-(ii), (c)(1); HUD Guidebook, Ch. 12.6, p. 12-10.]

43.     The notice must also indicate the effective date of the family share change and VNHA must adopt policies setting forth its methods for determining the effective date of an interim redetermination. [24 C.F.R. § 982.516(d)(1).] The HUD Guidebook counsels:

> Generally: Decreases in the family share of the rent are effective on the first day of the month following the date of the reported change. At the PHA's policy discretion, if the family failed to report the change as required, the notice may or may not be effective retroactively. [Ch. 12.6, p. 12-10. *See* C.F.R. § 982.516(d)]

44.     VNHA must perform interim examinations "in accordance with the policies in the PHA administrative plan" and "must apply interim reporting rules uniformly to all families. Thus,

---

[1] The Department of Housing and Urban Development Housing Choice Voucher Program Guidebook (hereinafter "HUD Guidebook") can be found at <http://portal.hud.gov/hudportal/HUD?src=/program_offices/public_indian_housing/programs/hcv/forms/guidebook>.

HUD mandates that PHA's "develop a policy that can be easily explained and understood by participants as well as staff who must enforce it." [HUD Guidebook Ch. 12-6, pp. 12-9-10.]

45.     VNHA has promulgated a Housing Choice Voucher Program Administrative Plan (hereinafter "Administrative Plan"), most recently updated in January 1, 2013.

46.     Section 16 of the VNHA Administrative Plan entitled "Recertifications" states the following with respect to interim recertifications:

> **Effective date of changes for Interim Recertifications** 30 days notice of any rent increase to the family. If notice of an increase in rent is delayed due to a reason beyond the control of the family, the rent increase will be effective the first of the month after the month in which the family received a 30-day notice of the amount. If a participant family has caused the delay, the increase will be effective on the date it would have been effective if the family had not caused the delay. A reduction in participant rent share will be effective the first of the month after the revised family share of rent is determined.

47.     Section 12 of the VNHA Administrative Plan describes the informal hearing procedures for participants. It does not specifically provide for a grievance hearing in cases where maintenance fees, late fees, parking fees and/or additional rent charges are levied on a participant's account despite the fact that these charges require participants to pay an amount higher than 30 percent of their family's monthly adjusted income.

## STATEMENT OF FACTS

48.     Plaintiffs currently pay or remain liable for an amount higher than 30% of the family's monthly adjusted income due to VNHA's unlawful failure to timely reduce plaintiffs' rent share

to reflect a loss of income and the VNHA's policy and practice of including non-rent charges as "additional rent" and subjecting residents to eviction for nonpayment of those charges.

49.     VNHA's written policies regarding interim rent adjustments are facially in conflict with state and federal law, *inter alia*, because they impose unlawful waiting periods for family share decreases (while processing increases immediately) leaving the family permanently liable for the unaffordable share which accrued during the recalculation period.

50.     In addition, for voucher recipients, VNHA as a matter of pattern and practice violates the federal mandate that interim rent adjustments be processed within a reasonable time and thus compels plaintiffs to pay rent in excess of federal limitations.

51.     VHHA has not given plaintiffs proper notice of the determinations, including the basis underlying the share adjustment calculations, or of the family's right to a hearing to contest the determination.

52.     VNHA requires families to pay in excess of 30% of their income by including non-rent charges as "additional rent" and requiring payment of those charges in order to avoid eviction. In particular, VNHA includes charges for air conditioning, appliances (washer/dryer or freezer), parking, late fees and attorney's fees on tenants' rental ledger, improperly designating them "additional rent" in the parties' lease agreement, and includes such fees in nonpayment eviction proceedings, requiring their payment in order to prevent eviction.

53.     VNHA applies ongoing rent payments to the total rental ledger balance which includes such non-rent charges, creating an apparent default in actual "rent."

14

54.     VNHA also imposes maintenance charges on tenants unless the tenant can affirmatively demonstrate that she did not cause the problem complained of. When the problem involves plumbing or other maintenance repairs involving pipes or other mechanicals connected to two or more apartments, VNHA charges both households without making any determination as to whether either of the households intentionally or negligently caused the problem.

55.     VNHA imposes the maintenance charges on tenants without prior notice of the basis of the adverse action or opportunity to contest it. Rather, tenants only receive a "Work Item Detail" which informs them of the charges but not the basis for the determination that it is tenant responsibility, nor notice of the opportunity to contest the charge. These charges are added to the rental ledger, and included in the amounts tenants must pay to avoid eviction.

56.     Moreover, because tenants are informed that they cannot make their own repairs, tenants are forced to pay whatever they are charged by the VNHA without regard to reasonableness.

57.     VNHA's policies and practices violate the Brooke Amendment and its implementing regulations, the New York State Housing Law and DHCR implementing regulations, the Supremacy and Due Process clauses of the U.S. Constitution, and the VNHA's own Master Management Resolution and lease agreement.

**Individual Plaintiffs**

**Regina Hill**

58.     Plaintiff Regina Hill resides at 53 Highview Court, Nyack, New York. She is a recipient of Section 8 Housing Choice Voucher which she utilizes at the VNHA-owned and operated

property.  She lives with her daughter and has resided at the VNHA for approximately 7 years. She has been a voucher recipient since on or about 2012.

59.     In May, 2015, she was terminated from her employment as a school bus driver with Brega Transport.  She immediately notified the VNHA of the termination and her resultant loss in income.  By letter dated June 19, 2015, Brega Transport confirmed that her last day of employment had been May 18, 2015.  The VNHA did not decrease her share of the rent until July, 2015.

60.     In addition, on or about July 11, 2015, Ms. Hill was charged with maintenance fees of $112.50 as a result of a plumbing problem which caused significant damage to her unit and resulted in a significant growth of mold within the residence.  The documentation provided by the VNHA indicates that the cost of $225.00 was split between her residence and the adjacent unit.  Ms. Hill was not given any notice of the basis for the determination that she was responsible for the charge, nor notice of her opportunity to contest the charge in a grievance hearing.

61.     As a result of the improper charges and VNHA's failure to properly adjust her rent, Ms. Hill is facing an eviction proceeding in the Village of Nyack Justice Court pursuant to Article 7 of the Real Property Actions and Proceedings Law, commenced against her by petition dated September 16, 2015.  Included in the charges on her rental ledger for which the VNHA is seeking to obtain a possessory judgment and evict her, are the $112.50 maintenance fee, along with charges for air conditioning, parking, appliance fees and late fees.  The VNHA also seeks costs and attorney's fees in that eviction petition.

62.    Counsel for VNHA has argued that the Justice Court does not have jurisdiction to determine whether the VNHA has properly calculated her rent, and the Justice Court has indicated that it does believe it has jurisdiction to determine those issues.

63.    Ms. Hill had attempted to challenge the failure to properly calculate her rent by complaint dated August 24, 2015. Her request was denied by letter dated August 28, 2015, and she was not informed in that denial of her right to request a grievance hearing as required by 24 CFR 982.555 and the Section 8 Housing Choice Guidebook, as well as by the parties' lease agreement.

64.    Nonetheless, she did request a grievance hearing but it was denied by letter dated November 3, 2015, on the basis that the matter was pending in the Justice Court.

65.    The trial in the nonpayment eviction proceeding against Ms. Hill is scheduled for November 19, 2015.

**Tenique Chung-Rolle**

66.    Plaintiff Tenique Chung-Rolle resides at 19 Highview Court, Nyack, New York. She lives with her four children and has resided at the VNHA for approximately three (3) years.

67.    She is currently facing a nonpayment eviction proceeding commenced against her in the Village of Nyack Justice Court pursuant to Article 7 of the Real Property Actions and Proceedings Law by petition dated September 16, 2015 as a result of the VNHA's failure to properly adjust her rent as well as the inclusion of non-rent charges in the amounts she must pay to avoid eviction.

68.     In particular, the VNHA has calculated her household rent on an "estimate" of her daughter's income, not based upon actual earnings. In addition, Ms. Chung-Rolle was informed by Defendants that her rent would only be adjusted downward if the income decreased "substantially," but was not informed as to what amount constitutes "substantially."

69.     Included in the charges on her rental ledger for which the VNHA is seeking to obtain a possessory judgment and evict her are non-rent charges including air conditioning, parking and late fees. The VNHA also seeks costs and attorney's fees in that eviction petition.

70.     In addition, Ms. Chung-Rolle's rental ledger attached to and forming the basis of the nonpayment eviction petition reflects maintenance charges assessed on April 29, 2015 ($25.00 for smoke detector), June 9, 2015 ($32.00 for window shades), and June 5, 2015 ($14.19 for a kitchen light bulb) for which Ms. Chung-Rolle was not given notice of the basis for the determination that she was responsible for the charges, nor notice of her opportunity to contest the charges in an administrative hearing.

71.     Ms. Chung-Rolle previously has been charged with, and has paid, maintenance fees of upwards of $275.00 or more for plumbing repairs and other charges, without notice of the basis for the determination that she was responsible for the charge, nor notice of her opportunity to contest them.

72.     Counsel for VNHA has argued that the Justice Court does not have jurisdiction to determine whether the VNHA has properly calculated her rent, and the Justice Court has indicated that it does not believe it has jurisdiction to determine those issues.

73.     The trial on Ms. Chung-Rolle's eviction case is scheduled for November 19, 2015.

**Patricia Solomon**

74.    Plaintiff Patricia Solomon resides at 26 Highview Court, Nyack, New York.  She resides with her six children and has lived at the VNHA for ten (10) years.

75.    Ms. Solomon's financial situation has changed frequently.  She receives child support inconsistently, and has suffered loss of income from employment as a result of an injury she sustained at work.  In addition, her daughter is disabled and receives Supplemental Security Income (SSI), which amounts have varied based upon Ms. Solomon's household income.

76.    Ms. Solomon had been receiving Workers' Compensation as a result of an injury suffered at work.  She had been receiving monthly payments but those payments ceased in August 2015 pursuant to a settlement in her case in which she received a lump-sum award but ongoing payments terminated.

77.    She is now working as a school bus monitor, earning $10.50 per hour, approximately 20 hours per week, since approximately November 2015 and has reported this income to the VNHA.

78.    In addition, on or about September 2015, her daughter's Supplemental Security Income (SSI) payments were suspended, and Ms. Solomon reported this decrease in income to the VNHA.

79.    Ms. Solomon has timely reported changes in her household income but the VNHA has failed to properly adjust her rent.  As a result, she has been required to pay as rent amounts in excess of 30% of her adjusted gross income.

80.     In addition, she has been subjected to eviction proceedings, including a nonpayment summary eviction proceeding commenced by the Defendants and resolved by Stipulation of Settlement on January 15, 2015, in which charges including air conditioning, appliance fees and late fees which had been assessed to her account were included in the balance she was required to pay to avoid eviction.  Ms. Solomon ultimately paid all sums alleged by the Defendants to be due pursuant to that Stipulation.

81.     She has also been charged with maintenance fees for damage which she did not intentionally or negligently cause, or for routine maintenance, without notice of the basis for the determination that she was responsible for paying the charges or opportunity to contest their imposition.  These fees had been included in her rental ledger as charges which must be paid in order to prevent eviction.

**Jesse Scott**

83.     Plaintiff Jesse Scott is a low income individual who resides at 64 Highview Court, Nyack, New York.  He resides at the VNHA with his daughter and has lived at the VNHA for two (2) years.

84.     Mr. Scott has been the subject of a nonpayment eviction proceeding pursuant to Article 7 of the Real Property Actions and Proceedings Law commenced on or about February 2, 2015, in which the VNHA required him to pay non-rent items, including parking fees and late fees, along with amounts for "rent" which he believes were based on an improper calculation of his income, in order to prevent eviction.  He entered into a Stipulation of Settlement, *pro se*, on or about

February 12, 2015, and agreed to pay all charges sought by Defendants. He paid all amounts due per the Stipulation.

85.    Although Mr. Scott's rent has been paid by the Department of Social Services (DSS) through direct payment of the shelter portion of his public assistance grant to VNHA since April 1, 2015, he has received several notices from VNHA since April 2015, stating that his rent is late, and which allege without explanation various total amounts owed, including late fees, and which threaten eviction if the total amount is not paid. (Mr. Scott has begun working part-time as of October 30, 2015, and has timely reported that information to the Defendants.)

87.    In addition, he has been charged with maintenance fees including on or about July 1, 2015, when he was charged $10.00 for clearing a drain. He was not provided with any information as to the basis for the determination that he was responsible for paying the fees or notice of his right to contest their imposition.

**Shedner Dorcena**

88.    Plaintiff Shedner Dorcena resides at 6 Highview Court, Nyack, New York. He is a recipient of a Section 8 Housing Choice Voucher which he utilizes at the VNHA-owned and operated property. He lives with his wife, three children and elderly mother-in-law and has resided at the VNHA for six (6) years. He has been a voucher recipient since 2009.

89.    In August 2015, he sustained a workplace injury and was not able to work. He immediately notified the VNHA about his injury and the resultant loss in income. By letter dated August 28, 2015, his former employer, Student Bus Company, confirmed that his last day of employment had been August 5, 2015.

90.     Furthermore, he also notified the VNHA that he would be receiving Worker's Compensation as a result of his workplace injury, instead of his earnings resulting in a net-decrease in income.

91.     In addition, Mr. Dorcena notified the VNHA that his wife, Saintelene Dorcena, would be going back to school starting in September 2015 and would only be working part-time instead of full-time hours. He provided the necessary documentation to the office. Mr. Dorcena submits that his family share of rent has not been properly calculated in accordance with federal law and regulations.

92.     In the past, Mr. Dorcena has been charged with maintenance fees as a result of a plumbing problems within the residence. Mr. Dorcena was not given any notice of the basis for the determination that he was responsible for the charge, nor notice of his opportunity to contest the charge in a grievance hearing.

93.     As a result of the improper charges and assessment of rent or "additional rent", Mr. Dorcena is facing an eviction proceeding in the Village of Nyack Justice Court, commenced against him by petition dated October 19, 2015.  Included in the charges on his rental ledger for which the VNHA is seeking to obtain a possessory judgment and evict him, are parking and late fees. The VNHA also seeks costs and attorney's fees in that proceeding.

94.     Counsel for VNHA has argued that the Justice Court does not have jurisdiction to determine whether the VNHA has properly calculated rent in these cases, and the Justice Court has indicated that it does believe it has jurisdiction to determine those issues.

95.    The trial in the nonpayment eviction proceeding against Mr. Dorcena is scheduled for November 19, 2015.

## CLAIMS FOR RELIEF

### I. VIOLATION OF THE BROOKE AMENDMENT TO THE U.S. HOUSING ACT

96.    Plaintiffs incorporate the above paragraphs as if fully set forth herein.

97.    VNHA, by virtue of its written policies and actual practices and procedures compels plaintiffs to pay more than 30% of their income as rent for prolonged periods of time.

98.    VNHA's policies and practices violate the Brooke Amendment to the U.S. Housing Act, 42 U.S.C. § 1437a(a), and its implementing regulations.

99.    As a result of VNHA's policies and practices, plaintiffs have suffered and continue to suffer damages, including the threat of eviction from their homes.

100.    A cause of action is created by 42 U.S.C. § 1983.

### II. VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION

101.    Plaintiffs incorporate the above paragraphs as if fully set forth herein.

102.    VNHA, by virtue of its policies and practices, has deprived plaintiffs of due process of law by compelling them to pay rent in excess of federal limits without adequate notice or a timely opportunity to be heard.

103.   VNHA, by virtue of its policies and practices, has deprived plaintiffs of due process of law by imposing maintenance charges on plaintiffs without prior notice of the basis of the adverse action or opportunity to contest it.

104.   As a result of VNHA's policies and practices, plaintiffs have suffered and continue to suffer damages, including the threat of eviction from their homes.

105.   A cause of action is created by 42 U.S.C. § 1983.

### III. VIOLATION OF THE SUPREMACY CLAUSE OF THE U.S. CONSTITUTION

106.   Plaintiffs incorporate the above paragraphs as if fully set forth herein.

107.   VNHA's policies regarding interim recertification of income are in conflict with the Brooke Amendment and its implementing regulations and stand as an obstacle to the accomplishment and execution of the full purpose and objectives of the statute, thus violating the Supremacy Clause of the U.S. Constitution.

108.   As a result of VNHA's policies and practice, plaintiffs have suffered and continue to suffer damages, including the threat of eviction from their homes.

### IV. VIOLATION OF STATE LAW BASED ON VNHA'S FAILURE TO FOLLOW ITS OWN WRITTEN POLICIES

106.   Plaintiffs incorporate the above paragraphs as if fully set forth herein.

107.   Plaintiffs seek a declaration pursuant to Article 30 of the New York Civil Practice and Rules that VNHA has violated its own written policies and procedures by a) failing to timely reduce plaintiffs' rent share to reflect a loss of income and b) improperly including non-rent charges as "additional rent" and subjecting residents to eviction for nonpayment of those charges.

108.     As a result of VNHA's actions, plaintiffs have suffered and continue to suffer damages, including the threat of eviction from their homes.

## V. VIOLATION OF STATE LAW BASED ON VNHA'S FAILURE TO FOLLOW ITS OWN LEASE AGREEMENT

109.     Plaintiffs incorporate the above paragraphs as if fully set forth herein.

110.     Plaintiffs seek a declaration pursuant to Article 30 of the New York Civil Practice and Rules that VNHA has violated the parties' lease agreement by a) failing to timely reduce plaintiffs' rent share to reflect a loss of income and b) improperly including non-rent charges as "additional rent" and subjecting residents to eviction for nonpayment of those charges.

111.     As a result of VNHA's actions, plaintiffs have suffered and continue to suffer damages, including the threat of eviction from their homes.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully request that this Court:

1.     Enter final judgment pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1337 of the Federal Rules of Civil Procedure declaring that:

a.     VNHA's failure to timely and accurately adjust plaintiffs' family rent shares to an amount no higher than 30% of the family's monthly adjusted income violates the Brooke Amendment to the United States Housing Act, 42 U.S.C. 1437a(a) and its implementing regulations;

b.      VNHA's policy and practice of compelling plaintiffs to pay more than 30% of the family's monthly adjusted income without adequate notice or a timely opportunity to be heard, violates the Due Process Clause of the United States Constitution;

c.      VNHA's policy and practice of imposing maintenance charges without adequate notice or a timely opportunity to be heard, violates the Due Process Clause of the United States Constitution;

d.      VNHA's policies regarding interim income recertification conflict with federal law in violation of the Supremacy Clause of the United States Constitution;

e.      VNHA's failure to timely and properly and timely adjust plaintiffs' rent to an amount no higher than 30% of the family's monthly adjusted income, is in violation of the VNHA's Master Management Resolution and violates the New York Public Housing Law and its implementing regulations at 9 NYCRR §1627, 1600 *et seq*;

f.      VNHA's inclusion of non-rent items as "additional rent" is in violation of the Brooke Amendment to the United States Housing Act, 42 U.S.C. 1437a(a) and its implementing regulations, the VNHA's Master Management Resolution, and New York Public Housing Law and its implementing regulations at 9 NYCRR §1627, 1600 *et seq*;

2.      Preliminarily and permanently enjoin VNHA from enforcing and continuing the policies challenged in this action;

3.      Issue a preliminary injunction requiring defendant VNHA to complete interim recertification determinations properly setting family shares, set the effective date of the subsidy

change, retroactively adjust family share of rent, and properly provide notice with share calculations to plaintiffs currently involved in eviction proceedings;

4.      Issue a permanent injunction requiring defendant VNHA to develop a plan and promulgate comprehensive procedures, satisfactory to this Court, to ensure that the Defendants complies with federal and state law and implementing regulations, and due process of law, with respect to interim adjustments to participants' family shares;

5.      Issue a permanent injunction requiring defendant VNHA to develop a plan and promulgate comprehensive procedures, satisfactory to this Court, to ensure that the defendant complies with federal law and implementing regulations, and due process of law with respect to maintenance fees that are charged to tenants accounts;

6.      Issue a permanent injunction preventing VNHA from including non-rent items as "additional rent" which must be paid to avoid eviction;

7.      Issue a permanent injunction requiring VNHA to apply all payments first to rent and not to non-rent charges unless specifically so designated by the resident;

8.      Issue a permanent injunction directing defendant VNHA to adjust plaintiffs' family rent retroactive to reporting dates in compliance with federal law and implementing regulations;

9.      Award the plaintiffs damages in an amount to be determined at trial;

10.      Award the plaintiffs costs and attorney's fees incurred in the pursuit of this action; and

11.   Grant such other and further relief as this Court may deem just and proper.

Dated: November 18, 2015
      New City, New York

                                          Respectfully submitted,

                                          MARY ELLEN NATALE
                                          Deputy Director, Civil Division
                                          ALEJANDRA SILVA-EXIAS
                                          Staff Attorney
                                          Legal Aid Society of Rockland County, Inc.
                                          *Attorneys for Plaintiffs*
                                          2 Congers Road
                                          New City, New York 10956
                                          (845) 634-3627